IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. MATTHEW BLACK EAGLE, Defendant. | CR-12-32-GF-DLC-RKS<br><br>**FINDINGS AND RECOMMENDATION TO REVOKED DEFENDANT'S SUPERVISED RELEASE** |
|---|---|

**I. Synopsis**

Mr. Black Eagle was accused of violating the conditions of his supervised release by failing to report to his probation officer after he was released from prison. The United States proved the violation by a preponderance of the evidence. Mr. Black Eagle's supervised release should be revoked. He should be ordered to serve six months in prison, with 18 months supervised release to follow.

**II. Status**

Mr. Black Eagle plead guilty in July 2012 to Storing Hazardous Waste Without a Permit. CD 19. He was sentenced in November 2012 to two years probation. CD 27. Mr. Black Eagle's probation was revoked in February 2013 because he violated the terms by using alcohol and drugs. CD 42, 51. He was ordered to serve six months in prison, with two years supervised release to follow. CD 51. Mr. Black Eagle was released from prison on July 26, 2013, and his current term of supervised release commenced at that time. CD 65.

**Petition**

On August 5, 2013, the United States Probation Office petitioned the court to revoke Mr. Black Eagle's supervised release. The petition alleged that Mr. Black Eagle violated his supervised release conditions by failing to report to the United States Probation Office within 72 hours of his release from prison, as directed in the Preamble to Standard Conditions of his supervised release. CD 65. Based on the petition, the undersigned issued a warrant for Mr. Black Eagle's arrest.

**Initial appearance**

Mr. Black Eagle was arrested on August 16, 2013. CD 71. He made an initial appearance before the undersigned on August 20. CD 67. He was represented by Federal Defender R. Henry Branom, who was appointed as counsel.

Assistant United States Attorney Ryan Weldon represented the United States. Mr. Black Eagle said he had read the petition and understood the accusation. Mr. Weldon stated that Mr. Black Eagle faces up to 24 months incarceration if his supervised release is revoked. Mr. Branom agreed.

The undersigned discussed the Findings and Recommendations procedure, explaining that a revocation hearing would be held and a recommendation submitted to United States District Judge Dana L. Christensen. Mr. Black Eagle was instructed that Judge Christensen will determine whether to revoke his supervised release and, if so, what sanction to impose. Mr. Black Eagle was advised of his right to object to the recommendation before Judge Christensen makes those determinations.

A revocation hearing was scheduled for August 27, 2013. The United States moved for detention, but the undersigned ordered Mr. Black Eagle released until the hearing.

**Revocation hearing**

Shortly before the scheduled revocation hearing, Mr. Branon notified the court that Mr. Black Eagle had contacted the Federal Defenders office, reporting that his vehicle had malfunctioned and he was seeking alternative transportation to the hearing. CD 74. Mr. Black Eagle did not appear at the scheduled hearing. The

hearing was continued to 9 a.m. the following day. Mr. Black Eagle did not attend the hearing or inform counsel of his whereabouts. The undersigned then issued a warrant for Mr. Black Eagle's arrest on August 28. CD 77. Mr. Black Eagle was arrested on September 3, 2013. CD 78. The revocation hearing was held on September 10. CD 79. Mr. Black Eagle appeared at the hearing, represented by Federal Defender David Ness.[1]

**Violation**

Mr. Black Eagle contested the alleged violation. The United States called Probation Officer Wade Riden as a witness. Mr. Riden testified by telephone, with no objection from Mr. Ness. Mr. Riden was responsible for supervising Mr. Black Eagle after Mr. Black Eagle's release from prison. Mr. Riden testified that Mr. Black Eagle had been told four times to report to the United States Probation Office within 72 hours of his release from prison – orally by his sentencing judge, in the written judgment, and in two documents that Mr. Black Eagle signed while incarcerated. The government introduced a transcript of the sentencing hearing, the written judgment, and the two documents Mr. Black Eagle signed. Mr. Riden testified that Mr. Black Eagle did not report to the United States Probation Office within 72 hours of being released from prison, or at any time since then.

---

[1] Mr. Branom was out of the country.

Mr. Black Eagle testified on his own behalf.  He testified that he had appealed the supervisory portion of his sentence to the Ninth Circuit Court of Appeals.  While in prison, he received paperwork from the Federal Defenders office regarding the appeal, and interpreted the documents to mean his appeal had been successful (though in fact it had not been decided and remained pending at the time of the revocation hearing).  Mr. Black Eagle testified that he did not report to the Probation Office because he believed the supervised release sentence had been vacated by the Ninth Circuit.

The undersigned finds the United States proved the violation by a preponderance of the evidence.  Mr. Black Eagle admitted he did not report to the Probation Office.  His testimony that he believed the supervisory sentence was vacated is not credible.  Mr. Black Eagle was advised to the contrary four times and presented no evidence that the paperwork he received from the Federal Defenders said or suggested he had prevailed on appeal.  Even if he somehow believed at the time of his release that he had no obligation to report, he certainly learned otherwise when he was arrested on this alleged violation.  However, despite being released after his initial appearance, Mr. Black Eagle still did not contact the United States Probation Office.

**Sanction**

The undersigned believes Mr. Black Eagle's violation warrants revocation of his supervisory release and the imposition of a sanction. Mr. Black Eagle's violation is Grade C. His criminal history category is I. His underlying conviction is for a Class D offense. Mr. Black Eagle could be incarcerated for up to two years. The United States Sentencing Guidelines call for 3 to 9 months incarceration. Mr. Black Eagle could be required to remain on supervised release for up to 24 months, less any custodial time imposed. Mr. Ness and Mr. Weldon agreed with those calculations.

Mr. Ness requested a sanction consisting of the week Mr. Black Eagle spent in jail awaiting the detention hearing and additional supervised release with a condition that Mr. Black Eagle reside in a pre-release center for six months. Mr. Ness argued that the underlying offense was relatively minor, and had already led to Mr. Black Eagle spending six months in prison. Mr. Ness said the week in jail and a pre-release requirement were adequate punishments, and would give Mr. Black Eagle an opportunity to get back on his feet.

Mr. Black Eagle addressed the court. He said the time he spent incarcerated in this case cost him family relationships, his car, and his home. He said he feels he has been sufficiently punished for his wrongdoing.

Mr. Weldon requested a sanction of six months incarceration, with 18 months supervised release to follow.  Mr. Weldon noted that Mr. Black Eagle's original sentence was probationary, and he could have avoided incarceration altogether by complying with the conditions.  Mr. Weldon also said that a prerelease requirement may not be appropriate, since there is no certainty Mr. Black Eagle would be granted admission to a facility.

### III. Analysis

Mr. Black Eagle's supervised release should be revoked.  He has repeatedly violated court conditions, and in the most recent instance made no effort whatsoever to comply with the requirements of supervised release.

Mr. Black Eagle should be ordered to serve six months in prison, and 18 months of supervised release immediately thereafter.  A custodial term in the middle of the guideline range is appropriate.  Mr. Black Eagle's underlying offense was relatively minor and his violation did not directly endanger the community.  However, he has shown a total lack of respect for the court by failing to comply with his supervised release conditions and failing to appear at his revocation hearing.

Continued supervised release is warranted.  Mr. Black Eagle has some history of substance abuse and, as discussed above, has been non-compliant with

court orders. Supervised release will help ensure Mr. Black Eagle complies with the law both for his own benefit and for the safety of the community.

**IV. Conclusion**

Mr. Black Eagle was advised that the above sentence would be recommended to Judge Christensen, who will decide an appropriate disposition. Mr. Black Eagle was reminded that he has a right to object to this recommendation within 14 days of its issuance.

The court **FINDS:**

1. Mr. Black Eagle violated the Preamble to Standard Conditions of his supervised release by failing to report to a United States Probation Office within 72 hours of his release from the United States Bureau of Prisons on July 26, 2013.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Mr. Black Eagle's supervised release and ordering him into the custody of the United States Bureau of Prisons for six months, with 18 months supervised release to immediately follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Dated the 12th day of September, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge